# Exhibit A

# CONTRACT OF SALE

THIS CONTRACT OF SALE, made this 28th day of Oct, 2004, by and between WALLACE D. THOMAS AND STEVEN P. THOMAS, hereinafter termed "Seller" and ALAN SHINN, hereinafter termed "Buyer", Witnesseth:

That for and in consideration of the sum of FOUR HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($475,000.00), the receipt of FIFTY THOUSAND DOLLARS ($50,000.00) which is hereby acknowledged, and the balance to be paid as hereinafter set forth, Seller does hereby covenant and agree to sell and convey and Buyer does hereby covenant to purchase and pay for the hereinafter described vessel upon the terms and conditions herein set forth.

THE PARTIES DO HEREBY COVENANT AND AGREE AS FOLLOWS:
1. The Vessel is described as follows:
1982 vessel known as "FREEDOM", bearing official no. 645758.

2. Settlement shall be on held on or before October 28, 2004, at which time the balance of the purchase price shall be paid as follows:
A. Buyer shall pay Seller Two Hundred Twenty-five Thousand Dollars ($225,000.00) at settlement; and
B. Buyer shall execute a First Preferred Ship's Mortgage and Note on the Vessel "FREEDOM" unto Seller in the amount of Two Hundred Thousand Dollars ($200,000.00) bearing interest at the rate of Six Percentum (6%) per annum; said principal and interest thereon shall be paid in full one year from date of settlement.

3. It is understood and agreed that the aforesaid indebtedness will further be secured by a First Preferred Ship's Mortgage and Note on the vessel known as "MISS BELMAR PRINCESS".

4. Costs of preparation of documents, transfer and costs related thereto shall be paid by the Buyer.

5. Prior to date of settlement Buyer shall procure an insurance policy showing the Seller as "Loss Payee" or "Mortgagee" as their respective interests may appear, on both "Freedom" and "Miss Belmar Princess". Said policy shall be written by a reputable insurance company acceptable by the Sellers in a minimum amount of $200,000.00.

6. Vessel is being sold in an "AS IS" condition with no warranties expressed or implied.

7. Seller shall, upon payment of the purchase price, execute a good and merchantable title, free and clear of all liens and encumbrances, unto Buyer.

SIMPKINS & SIMPKINS P.A.
ATTORNEYS AT LAW
PO BOX 638
PRINCESS ANNE MD 21853
TELEPHONE 410-651-1400

Case 09CV61781
MV TROPICAL ADVENTURE

Exhibit A - Contract of Sale

8. Time is of the essence.

9. Buyer waives all Statutory Notices pursuant to the Annotated Code of Maryland and shall be interpreted under the Laws of the State of Maryland and venue for any suit shall be State of Maryland.

10. This is the entire agreement between the parties and shall be binding upon and inure to the respective personal representatives and assigns of the respective parties hereto.

AS WITNESS OUR HANDS AND SEALS TO THIS CONTRACT AND TO A DUPLICATE ORIGINAL HEREOF OF LIKE TENOR AND EFFECT ON THE DAY AND YEAR FIRST ABOVE WRITTEN.

Witness:

_____ (SEAL)
Wallace D. Thomas

_____ (SEAL)
Steven P. Thomas

SELLERS

6/28/04

_____ (SEAL)
Alan Shinn

BUYER

UMPKINS & UMPKINS, P.A.
ATTORNEYS AT LAW
PO BOX 560
PRINCESS ANNE MD 21853
TELEPHONE 410-651-1400

# ADDENDUM TO CONTRACT BETWEEN WALLACE D. THOMAS AND STEVEN P. THOMAS, AS SELLER, AND ALAN SHINN, AS BUYER, FOR VESSEL KNOWN AS THE "FREEDOM"

The Contract between the parties is amended as follows:

1. The Buyer is amended to read: Alan Shinn shall assign the within Contract to a Limited Liability Company to be organized by Alan Shinn exclusively for the purchase of this vessel.

2. Closing shall take place within fourteen (14) days after Buyer's completion of the marine survey if the results of said survey are acceptable to Buyer.

3. The deposit in the amount of $50,000.00 shall be held in the trust account of Seller's attorney, Kirk G. Simpkins, Esq., until closing of title or termination of the within agreement.

4. Paragraph 4 shall be amended to add: All costs referred to in paragraph 4 are Buyer's costs.

5. Paragraph 5 shall be amended as follows: delete the words, "Prior to date of settlement" and in it's place, insert: "Simultaneously with closing".

6. Paragraph 6 shall be amended to add: "Included in the within sale are all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, capstans, outfit, fittings, tools, pumps, equipment, radar, sonar, navigational devices and supplies, all supplies, restaurant equipment, refrigerators, freezers, grills, all electronics, fish finders, VHF radios, GPS, SSB radio, life saving equipment, rafts, life jackets, life rings and the like and spare parts, belonging to the Vessel, whether on board or on shore, and all fishing and other appurtenances, attachments, accessories, additions, improvements and accessions of the Vessel and all special tooling used in connection with the Vessel, all classification, inspection, modification and overhaul records applicable to the Vessel and all other books, records, blueprints, data, equipment, maintenance logs, certifications, manuals, documentation, and other similar information relating to all or any portion of the Vessel or the Equipment, all warranties and extended warranties, if any, on the Vessel and the Equipment."

7. Paragraph 8 shall be deleted and in it's place: "The within Agreement is specifically contingent upon a complete ship's survey conducted by a Marine Surveyor including topside, bottom, engines, machinery, sea trial and including the vessel being hauled for the necessary inspections. If Buyer is not satisfied with the results of said inspections, Buyer may cancel the within Agreement and receive the immediate return of his deposit money.

8. Seller represents they are the sole owners of the vessel and have the right to sell and transfer title. Sellers represent that with the cash proceeds from the within sale and their other funds, they have enough money to clear all mortgages, liens and encumbrances. Seller will provide any funds necessary by certified check in addition to Buyer's funds to clear these liens at the time of closing so as to deliver good and marketable title to buyer free and clear of all liens.

9. Seller represents there are no actions or proceedings pending or threatened in a writing to seller against seller before any Court, Administrative Agency or other Governmental Body which would have a material adverse impact on seller's assets.

10. Sellers represent they are and have been citizens of the United States of America eligible to engage in coastwise trade within the meaning of Section 2 of the Shipping Act, 1916, as amended, during all sellers' period of ownership of the vessel.

11. Seller represents the vessel is eligible to engage in coastwise trade within the meaning of Section 2 of the Shipping Act, 1916, as amended, and is fully qualified with all necessary certifications, licenses and documentation to engage in carrying passengers in lawful trades.

12. Seller represents the vessel is in good running order and repair, and is, insofar as due diligence can make her so, tight, staunch, strong and well and sufficiently tackled, appareled, furnished, equipped and in every respect seaworthy and in good operating condition.

13. Seller agrees to indemnify and hold Buyer harmless from and against any and all claims, liabilities and losses, including reasonable attorneys fees and costs resulting from any breach of sellers' representations.

14. On or before the closing date, Seller shall deliver to Buyer the Bill of Sale duly executed by Seller, the records as to the vessel, such authorizations or other organizational documents relating to seller as Buyer shall reasonably require in connection with this transaction.

15. In the event the vessel is damaged by casualty prior to the closing date and such damage is estimated to cost more than $50,000.00, in aggregate, to repair or replace (as verified by an independent marine surveyor selected by Buyer and approved by Seller) then the Buyer shall have the option to terminate this Agreement by written notice to the Seller within five (50 days after Buyer receives written notice (which shall be given in writing to Buyer promptly after the casualty) of the occurrence of the damage or destruction or after determination that the loss is in excess of $50,000.00, which ever occurs later.

16. Buyer and Seller hereby represent each to each other that neither owes any brokers or finders fee in connection with the sale of the vessel and that no such broker commissions or any type of finders fee will be paid or owed by either in connection with the sale of the vessel. Each party hereby represents to the other that each party will hold the other harmless from and against any claims for brokers commissions, finders fees or similar compensation to the extent that any such party is in breach of the foregoing representations. This provision shall survive the termination of this Agreement or the closing.

17. If any provision of this Addendum to the Contract conflicts with the Contract, then this Addendum shall prevail.

Dated: 10/14/04

_____
ALAN SHINN, Buyer

Dated: _____

_____
WALLACE D. THOMAS, Seller

Dated: 11/1/04

_____
STEVEN P. THOMAS